IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
D. BRIAN BOGGESS, BAR NO. 4537

No. 79316

**FILED**

JUN 0 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney D. Brian Boggess be suspended for three years and a stayed 21-month suspension from a previous matter be imposed to run concurrently. The recommended discipline is based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 3.4 (fairness to opposing party and counsel), and RPC 8.4(d) (misconduct).[1]

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

20-20964

704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

As an initial matter, Boggess argues he could not have violated RPC 1.3 (diligence) and RPC 1.4 (communication) related to his work as a trustee on the Alice C. Capps Trust and in closing the Capps estate because the beneficiaries who filed the underlying grievance against him were not his clients. Boggess is correct that RPC 1.3 does not apply because the beneficiaries were not his clients. However, RPC 1.4(a)(4) requires an attorney to "[p]romptly comply with reasonable requests for information" regardless of whether such request came from a client or a third party. Accordingly, RPC 1.4 applies even though the beneficiaries were not Boggess's clients.

The State Bar has the burden of showing by clear and convincing evidence that Boggess committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact regarding all the violations except RPC 1.3 as they are supported by substantial evidence and are not clearly erroneous. One of the Capps' beneficiaries testified that she was unable to contact Boggess. Boggess also failed to provide the beneficiaries with a complete accounting. Further, at the time of Boggess's misconduct here, he was under a disciplinary order from this court that subjected him to a stayed suspension on the condition that he not commit any further

disciplinary violations during the probationary period.[2] *In re Discipline of Boggess*, Docket No. 69152 (Order Approving Conditional Guilty Plea Agreement, Jan. 22, 2016).

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Boggess violated duties owed to the beneficiaries (communication and safekeeping property) and the profession (misconduct). Boggess's violations were knowing as he was aware of the terms of his stayed suspension and knew of his duty to promptly distribute the estate's funds and close the estate. The beneficiaries and the estate's creditors were at least potentially injured by the delay in the distribution of estate funds. The baseline sanction for Boggess's conduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility*

---

[2]This court extended that probationary period in a subsequent discipline matter. *In re Discipline of Boggess*, Docket No. 75883 (Order Approving Conditional Guilty Plea, Sept. 7, 2018).

*Rules and Standards*, Standard 8.1 (Am. Bar Ass'n 2017) (explaining that disbarment is appropriate when a lawyer "knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession" or when the lawyer "has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession"). The record supports the panel's findings of six aggravating circumstances (prior disciplinary offenses, substantial experience in the practice of law, pattern of misconduct, multiple offenses, refusal to recognize the wrongful nature of his conduct, and vulnerability of the victims) and one mitigating circumstance (personal or emotional problems).

We agree with the panel that a downward deviation from the baseline sanction of disbarment is warranted. Considering all of the factors, including Boggess's personal and emotional problems, we conclude the panel's recommended three-year suspension protects the public, the courts, and the legal profession. Additionally, Boggess violated the terms of his stayed suspension from Docket No. 69152. Thus, we also impose the previously stayed 21-month suspension.

Accordingly, we hereby suspend attorney D. Brian Boggess from the practice of law in Nevada for 3 years from the date of this order, to run concurrent with the separate 21-month suspension. Boggess shall also comply with the audit requirement imposed in Docket No. 75883. Additionally, Boggess shall pay the costs of the disciplinary proceedings,

including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ Pickering, C.J.
Pickering

_____, J.      _____, J.
Gibbons                        Hardesty

_____, J.      _____, J.
Parraguirre                    Stiglich

_____, J.      _____, J.
Cadish                         Silver

cc:    Chair, Southern Nevada Disciplinary Board
       D. Brian Boggess
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court